**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2131
_____

ZHAOJIN DAVID KE,
                              Appellant

v.

PHILADELPHIA PARKING AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01001)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2020
Before:  GREENAWAY, JR., KRAUSE and BIBAS, Circuit Judges

(Opinion filed: December 18, 2020)
_____

OPINION[*]
_____

PER CURIAM

Zhaojin David Ke appeals pro se from the District Court's order dismissing his

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

second amended complaint in this civil rights action.  For the following reasons, we will affirm.

I.

Because we write primarily for the benefit of the parties, we will recite only the facts necessary to our discussion.  In March 2019, Ke filed a complaint against the Philadelphia Parking Authority (PPA) and its Executive Director, Scott Petri.  In the complaint, which he twice amended, Ke alleged that the defendants booted his car because of his failure to pay three parking tickets that, according to Ke, he never received.  Ke further alleged that when he called the PPA to come remove the boot, an employee arrived at the scene and told him that he must pay $547 to have the boot removed.  Ke stated that he requested a hearing to contest the tickets, but the driver told him that "it was too late for that."  2nd Am. Compl. ¶ 15, ECF No. 21.  Ke paid the fee.

Ke later went to a PPA office to inquire into the parking tickets.  An employee there provided him with a printout of the three tickets and, according to Ke, told him that they "must have been sent to the wrong address."  Id. ¶ 32.

Based on these allegations, Ke claimed that the defendants violated: (1) his Fourteenth Amendment right to procedural due process by failing to provide sufficient pre-immobilization notice of the parking tickets; and (2) his Eighth Amendment right to be free of excessive fines by imposing $547 worth of fines and fees.  Ke also asserted several state-law claims.

2

The defendants moved to dismiss the second amended complaint on the ground that Ke failed to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6).[1] The District Court agreed, granted the motion, and dismissed the second amended complaint. Ke moved the District Court to reconsider its decision, but the District Court denied his request.[2] Ke appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] We exercise plenary review over a district court's order granting a motion to dismiss pursuant to Rule 12(b)(6). See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). We accept all factual

---

[1] The defendants previously moved to dismiss Ke's first amended complaint. The District Court granted the motion but allowed Ke further leave to amend.

[2] In his motion for reconsideration, Ke asked the District Court to provide legal analysis explaining its dismissal order. It appears that, in making this request, Ke was unaware of the analysis provided by the District Court in the order docketed at ECF No. 25. Ke seems to have later obtained a copy of that order, as he discusses it in his appellate brief. In any event, Ke does not challenge the District Court's order denying his motion for reconsideration.

[3] Ke's timely appeal from the order denying his timely motion for reconsideration brings up the earlier judgment for review. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir. 2012).

3

allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

III.

We agree with the District Court's disposition of this case and need not repeat its reasoning here. In short, the District Court correctly concluded that Ke failed to state a due process claim because he received all the notice and process he was due; he received a notice on his windshield with a number to call for information about the boot, and he had the opportunity to contest the fine and underlying tickets in a post-deprivation hearing, but he chose not to.[4] See Hill v. Borough of Kutztown, 455 F.3d 225, 233–34 (3d Cir. 2006); see also Kovler v. Bureau of Admin. Adjudication, 6 A.3d 1060, 1062–64 (Pa. Commw. Ct. 2010) (holding that Philadelphia's procedures for adjudicating parking violations satisfy the due process requirements of both the United States and the Pennsylvania Constitutions). The District Court also correctly concluded that Ke failed to state an Eighth Amendment violation because he did not allege facts that would show that the disputed fines and fees were grossly disproportional to the gravity of his parking offenses. See United States v. Bajakajian, 524 U.S. 321, 334 (1998). Lastly, given the District Court's dismissal of Ke's federal claims, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over the state-law claims. See 28 U.S.C. § 1367(c); Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009).

_____

[4] This is so despite Ke's allegations that PPA employees misled him and failed to comply with their procedures. See Tate v. Dist. of Columbia, 627 F.3d 904, 908 (D.C. Cir.

4

2010).

IV.

We have considered Ke's arguments on appeal and conclude that they are meritless. Accordingly, we will affirm the District Court's judgment.